```
                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF UTAH
_____

JORDAN BREWER,                    )  ORDER DENYING MOTIONS &
                                  )  MEMORANDUM DECISION
          Plaintiff,              )
                                  )  Case No. 1:12-CV-123 TS
     v.                           )
                                  )  District Judge Ted Stewart
JOHN WOOD et al.,                 )
                                  )
          Defendants.             )
_____
```

Plaintiff, Jordan Brewer, filed a *pro se* prisoner civil rights complaint.[1] Plaintiff now moves for appointed counsel, a protective order, and time extensions.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

    IT IS HEREBY ORDERED that Plaintiff's motion for appointed counsel is DENIED[6]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

    IT IS FURTHER ORDERED that Plaintiff's motion for a protective order is DENIED.[7]  The motion appears to ask for the same relief as the Amended Complaint.  To the extent that it asks for any other type of relief, Plaintiff should bring those claims in a separate civil-rights complaint.

---

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6] (*See* Docket Entry # 6.)

[7] (*See* Docket Entry # 7.)

IT IS FINALLY ORDERED that Plaintiff's motions for time extension are GRANTED.[8]  Plaintiff has until March 15, 2013 to file a response to Defendants' motions to dismiss.

DATED this 21st day of February, 2013.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

---

[8](*See* Docket Entry #s 36 & 37.)